IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTONIO SPATES,

        Plaintiff,

   v.                                     Civil Action 2:16-cv-935
                                         Judge Algenon L. Marbley
                                         Magistrate Judge Jolson

DEPARTMENT OF
REHABILITATION AND
CORRECTION, et al.,

        Defendants.

### REPORT AND RECOMMENDATION

On September 28, 2016, Plaintiff moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Doc. 1). Plaintiff's motion for leave did not include a certified copy of his trust fund account statement, which is required by 28 U.S.C. § 1915(a)(2). On September 29, 2016, the Court directed Plaintiff to submit to the Court within 30 days a certified account statement from the prison cashier in compliance with 28 U.S.C. § 1915(a)(2). (Doc. 2). The Court informed Plaintiff that his failure to follow the Court's direction would require the Court to "presume that the prisoner is not a pauper, . . . assess the inmate the full amount of fees[,] . . . [and] then order the case dismissed for want of prosecution." (*Id.* (quoting *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997)). In response to the Court's Order, Plaintiff reiterated his need to proceed *in forma pauperis* because he and his family have little money. (Doc. 3).

On October 6, 2016, the Court once again informed Plaintiff that in order to proceed *in forma pauperis*, the law required him to submit: "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."  (Doc. 4).  In response to the Court's Order, Plaintiff once again responded by explaining his financial situation.  (Doc. 5).  Plaintiff has failed to submit a certified copy of his trust fund account statement in accordance with the Court's October 6, 2016 Order.  Accordingly, it is RECOMMENDED that Plaintiff's motion for leave to proceed *in forma pauperis* be denied. (Doc. 1).

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

     IT IS SO ORDERED.

Date: October 31, 2016                /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE